98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marlon Hernaldo DOMINGUEZ-CASTILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1996.*
Decided Oct. 3, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Ade-ito-bhx.
 B.I.A.
 REVIEW DENIED.
 Before: CHOY, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlon Hernaldo Dominguez-Castillo petitions to review the Board of Immigration Appeal's denial of his application for asylum and withholding of deportation. We deny the petition.
 
 Factual and Procedural Background
 
 3
 Dominguez-Castillo is a forty-one year old citizen of Nicaragua. Dominguez-Castillo and his father worked for the Nicaraguan government in the communications ministry, known as Telcore. After the Sandinistas came to power, Dominguez-Castillo's father was forced to leave his job and was placed under house arrest for three months. Dominguez-Castillo continued working for the government until he left Nicaragua in 1984.
 
 
 4
 Dominguez-Castillo testified that he was investigated for sabotage in his workplace in 1983. He was detained for two days, questioned, and released. After the sabotage investigation, Telcore required him to report daily to the security office as part of his work routine.
 
 
 5
 Dominguez-Castillo, his sister, and his brother-in-law participated in the FDN, an organization which supported the Contras. They all distributed leaflets for the FDN. In addition, Dominguez-Castillo's brother-in-law stockpiled weapons in his backyard. In 1983, the Sandinistas detained and tortured this brother-in-law. Dominguez-Castillo's brother-in-law subsequently disappeared and is presumed dead.
 
 
 6
 Dominguez-Castillo also testified that he had problems with the CDS, the local Sandinista committee. He was denied food rations when he refused to participate in the neighborhood watch. Dominguez-Castillo also was harassed by the Turbas who shouted insults at him and threw rocks at his house. Shortly after he left Nicaragua, the Sandinista police issued a citation for Dominguez-Castillo to appear and answer an accusation.
 
 
 7
 On June 23, 1989, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Dominguez-Castillo with deportability for entering the United States without inspection. At a deportation hearing, Dominguez-Castillo conceded deportability and requested asylum and withholding of deportation. The Immigration Judge ("IJ") denied asylum and withholding of deportation, but granted voluntary departure. Dominguez-Castillo appealed to the Board of Immigration Appeals ("BIA") which affirmed the IJ's decision and dismissed the appeal. Dominguez-Castillo timely petitions for review pursuant to 8 U.S.C. § 1105a(a).
 
 Discussion
 
 8
 I. We lack jurisdiction to review Dominguez-Castillo's due process and right to counsel claims.
 
 
 9
 Dominguez-Castillo argues that the IJ's refusal to allow him to introduce documentary and testimonial evidence deprived him of due process and the right to counsel. Because Dominguez-Castillo did not raise these claims in his appeal to the BIA, we lack jurisdiction over them. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994).[1]
 
 
 10
 II. Asylum.
 
 
 11
 The Attorney General has discretion to grant an alien asylum if the alien is determined to be a "refugee." 8 U.S.C. § 1158(a). A refugee is any person who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The well-founded fear standard has both a subjective and an objective component. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). "The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution." Id. The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution. Id.
 
 
 12
 We review the factual determinations underlying the BIA's denial of asylum for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's factual determinations must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. An alien who seeks reversal of the BIA's eligibility determination "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.
 
 
 13
 Substantial evidence supports the BIA's finding that Dominguez-Castillo did not establish past persecution or a well-founded fear of persecution. The BIA's first reason for denying asylum was that
 
 
 14
 [a]lthough the respondent's father was fired from his government position and was placed under house arrest for a few months due to his association with the former Somoza government, the respondent himself was allowed to continue to work for the same government ministry up until his departure from Nicaragua in 1984.
 
 
 15
 This finding is reasonable and is supported by substantial evidence.
 
 
 16
 The BIA next stated that Dominguez-Castillo's investigation for sabotage and detention were not shown to be other than the result of a legitimate criminal investigation. Considering that Dominguez-Castillo has the burden to establish his eligibility for asylum, and that he failed to introduce sufficient evidence to prove that his arrest was politically motivated, we conclude that this finding was also supported by substantial evidence. See 8 C.F.R. § 208.13(a).
 
 
 17
 The BIA next found that respondent failed to establish that he had a well-founded fear of persecution due to the actions taken against his family members. Persecution of an alien's family members does not establish a well-founded fear of persecution absent a pattern tied to the asylum applicant. Prasad, 47 F.3d at 340. Substantial evidence supports the BIA's conclusion that Dominguez-Castillo failed to establish such a pattern.
 
 
 18
 The BIA also found that the harassment directed against the family home and the restriction of food rations did not rise to the level of persecution. We conclude that a reasonable factfinder would not be compelled to find past persecution on the basis of these incidents. See Prasad, 47 F.3d at 339; Saballo-Cortez v. INS, 761 F.2d 1259, 1264-65 (9th Cir.1985).
 
 
 19
 Finally, the BIA took note of the citation ordering Dominguez-Castillo to appear to answer to an accusation. The BIA found that it was mere speculation that this citation was issued to punish Dominguez-Castillo for his personal and his family's political activities. As noted earlier, an asylum applicant must present credible, direct, and specific evidence to support a reasonable fear of persecution. Dominguez-Castillo failed to meet this evidentiary burden with respect to the citation.
 
 
 20
 In conclusion, the BIA's finding that Dominguez-Castillo failed to establish past persecution or a well-founded fear of persecution is supported by substantial evidence.[2]
 
 
 21
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 After Dominguez-Castillo filed his petition for review, he filed a motion to reopen and remand with the BIA. The motion to reopen and remand is based on two grounds: (1) that the IJ deprived him of due process and the right to counsel, and (2) that new evidence enables him to apply for suspension of deportation. Dominguez-Castillo moves this court for an order delaying issuance of our decision until the BIA decides his motion to reopen and remand. We deny Dominguez-Castillo's motion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992)
 
 
 [2]
 Because Dominguez-Castillo failed to establish eligibility for asylum, he cannot satisfy the higher standard required for withholding of deportation. "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995)